T. Carlton RICHARDSON, Plaintiff,

v.

DISTRICT OF COLUMBIA COURT OF APPEALS et al., Defendants.

Civil Action No. 96–02535(SS).

United States District Court,
District of Columbia.

March 27, 1997.

T. Carlton Richardson, Washington, pro se.

Charles W. Scarborough, Arnold & Porter, Lisa Annette Bell, Office of Corporation Counsel, Washington, DC, for Defendants.

## MEMORANDUM OPINION

SPORKIN, District Judge.

This matter is before the Court on Defendants' motions to dismiss and Plaintiff's opposition thereto. The Court heard oral argument on this matter on February 21, 1997.

Plaintiff, *pro se*, challenges on Constitutional grounds his March 12, 1996 temporary suspension from the District of Columbia bar. Plaintiff was suspended following his resignation from the Florida bar,[1] pursuant to D.C.Bar Rule XI § 11(d), which provides for temporary suspension in the District of Columbia upon notice to the D.C. Court of Appeals that an attorney has been suspended from another state's bar. Plaintiff contends that he should not have been suspended in the District of Columbia because he resigned in Florida. He claims he was denied due process under the Fourteenth Amendment because the D.C. Court of Appeals did not give him a hearing on this issue before temporarily suspending him. He seeks injunctive and monetary relief.

Plaintiff previously challenged the constitutionality of his temporary suspension before Judge Hogan in Case No. 95–CV–1272. Judge Hogan dismissed Plaintiff's claim because federal district courts lack jurisdiction to hear challenges to the attorney disciplinary proceedings of state courts. Judge Hogan's decision was affirmed by the D.C. Circuit in *Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513 (D.C.Cir. 1996).

Plaintiff has not distinguished this case from the suit he brought before Judge Hogan. The D.C. Circuit was clear in that case:

Richardson's attacks on § 11(d)'s constitutionality ... are not merely intertwined with his attack on the decision to suspend him but are one and the same—namely, that application of § 11(d)'s procedures (or lack of procedures) deprives him of his liberty interest in the practice of law without due process. His attack on the rule cannot be contemplated without his attack on his suspension.

*Id.* at 1515–16. The decision to temporarily suspend Plaintiff was a final judgment of the D.C. Court of Appeals. *Id.* at 1514–15. This Court cannot review the constitutionality of the underlying D.C. Bar rule if the net effect is to reverse that final judgment. *Id.* at 1514–16. Plaintiff can attack that decision

---

1. Plaintiff voluntarily resigned from the Florida bar following allegations that he had engaged in misconduct.

**2**

by seeking certiorari to the United States Supreme Court. *Id.* at 1515.[2]

It is clear to the Court that Plaintiff is trying to get, at the very least, a second bite at the apple. Having previously been rebuffed by Judge Hogan and the D.C. Circuit, Plaintiff has attempted to bring the same action again. Plaintiff, like many *pro se* litigants, feels very passionate about his cause, as was demonstrated by his "vigorous" performance at oral argument. Nevertheless, this Court has broad powers under Fed. R. Civ. Pro. 11 to sanction an attorney or party who abuses the process by bringing frivolous or repetitive litigation. If Plaintiff's ultimate goal is to be reinstated as an attorney in the District of Columbia or elsewhere, he would do well to think hard before filing another suit such as this one.

The Court will grant Defendants' motions for summary judgment. An appropriate order follows this opinion.

### ORDER

This matter is before the Court on Defendants' motions to dismiss and Plaintiff's opposition thereto. For the reasons stated in the attached Memorandum Opinion, it is hereby

**ORDERED** that Defendants' motions for summary judgment be **GRANTED**; and it is further

**ORDERED** that this case be **DISMISSED.**

---

2. Even if this Court were to reach the substantive question of Plaintiff's due process rights, it is not apparent, based on Plaintiff's own representations, how his due process rights were violated. Although Plaintiff did not appear in person before the D.C. Court of Appeals before the temporary suspension was first initiated, he was given notice and did respond to that notice in writing. It was the opportunity to respond in writing that constituted Plaintiff's due process. He was granted further due process when he appeared before the D.C. Court of Appeals for a post-deprivation hearing.